UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN LATHAN, *as guardian of Abrielle Lathan*, | ) ) ) |
|     *Plaintiff*, | ) |
| | )   1:12-cv-515-JMS-MJD |
| *vs*. | ) ) |
| CITIZENS INSURANCE COMPANY OF AMERICA, | ) |
|     *Defendant*. | ) |

### ORDER

    Presently pending before the Court is Defendant Citizens Insurance Company of America's ("Citizens") Motion to Dismiss for Lack of Jurisdiction or to Transfer Venue. [Dkt. 12.] Citizens argues that this action should be transferred to a district court in Michigan pursuant to 28 U.S.C. § 1404(a). Plaintiff Karen Lathan, as guardian of Abrielle Lathan ("Abrielle"), opposes Citizens' motion. For the following reasons, the Court determines that it is appropriate to transfer this action to the Eastern District of Michigan. Accordingly, it will not address the merits of Citizens' arguments that Ms. Lathan's claims against it should be dismissed.

### I.
#### BACKGROUND

    The following facts are undisputed. Fifteen-year-old Abrielle was a passenger in an automobile in Detroit, Michigan on January 28, 2007, when the driver of the vehicle lost control and struck a utility pole and a building. [Dkt. 1 at 3.] Abrielle sustained serious injuries as a result of the accident, and she continues to suffer residual effects and receives attendant care. [*Id.*]

    Citizens' obligations as the assignee of Abrielle's claim under Michigan's No Fault Automobile Insurance Act (the "No Fault Act") are at issue in this case. MCL § 500.3101. The Michigan Supreme Court has described the No Fault Act as follows:

> In 1973, the Michigan Legislature adopted the no-fault insurance act. The act created a compulsory motor vehicle insurance program under which insureds may recover directly from their insurers, without regard to fault, for qualifying economic losses arising from motor vehicle incidents. In exchange for ensuring certain and prompt recovery for economic loss, the act also limited tort liability. The act was designed to remedy problems with the traditional tort system as it relates to automobile accidents. These included that the contributory negligence liability scheme denied benefits to a high percentage of motor vehicle accident victims, minor injuries were overcompensated, serious injuries were undercompensated, long payment delays were commonplace, the court system was overburdened, and those with low income and little education suffered discrimination.

*McCormick v. Carrier*, 795 N.W.2d 517, 523 (Mich. 2010) (citations omitted).

Generally, when an injured person is insured or where an injured person's family member is insured under a no-fault insurance policy, the injured person seeks benefits from her own insurer. *Spencer v. Citizens Ins. Co.*, 608 N.W.2d 113, 118 (Mich. 2000). If her own insurer does not cover the loss, however, the injured person can seek coverage under the assigned claims provision of the No Fault Act. *Id.* at 118-19 (referencing MCL § 500.3172). The Michigan Secretary of State operates the Assigned Claims Plan to compensate eligible claimants. MCL § 500.3171. Insurance companies participate in the Assigned Claims Plan, and the Secretary of State is required to fairly allocate claims among the participating insurers. MCL § 500.3171(a).

Citizens is the assignee of Abrielle's claim under the Assigned Claims Plan. [Dkt. 1 at 2.] It paid benefits to Abrielle as a result of the January 2007 accident and, according to the Complaint, the parties entered into a partial release on September 21, 2007, whereby Citizens agreed to pay for family-provided attendant care for Abrielle. [*Id.* at 2.] The Lathans moved to Indiana in August 2007. [Dkt. 22 at 2.] Citizens stopped paying for attendant care for Abrielle on April 30, 2011, and Ms. Lathan filed this action against Citizens approximately one year later. [Dkt. 1 at 1, 3.]

## II.
### DISCUSSION

Citizens asks this Court to transfer this action to a federal district court in Michigan because Abrielle's accident occurred in Michigan, Citizens is located in Michigan, and complex issues of Michigan law apply.[1]  [Dkt. 15 at 17-21.]  Ms. Lathan opposes Citizens' request to transfer this action because the Lathans relocated to Indiana in August 2007 and she contends that the evidence related to Citizens' decision to stop paying for attendant care for Abrielle is in Indiana.  [Dkt. 22 at 17-20.]

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action.  28 U.S.C. § 1391.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

The Court typically considers four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events and access to proof; and (4) the interests of justice.  *No Baloney Mktg., LLC v. Ryan*, 2010 WL 1286720, *10-12 (S.D. Ind. Mar. 26, 2010).  Federal district courts have the inherent power

---

[1] Citizens generically requests that this action be transferred to "a federal district court in the State of Michigan."  [Dkt. 12 at 4.]  Considering that there are two federal district courts in Michigan, Citizens—the proponent of the transfer—should have been clear which district it believed to be appropriate.  Ms. Lathan opposes transfer and does not express a preference between the two district courts.  Given the parties' silence on the issue, the Court will consider the propriety of transferring this action to the Eastern District of Michigan because it is undisputed that Abrielle's accident, which resulted in Citizens' claim assignment, occurred in that district.

to administer their dockets so as to conserve scarce judicial resources. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

The first factor, the convenience of the parties, weighs slightly in favor of Indiana. The Lathans reside in Indiana, while Citizens is a Michigan corporation that does business in Indiana. [Dkt. 1 at 1.] The Lathans argue that it will be inconvenient for them, as private parties and in light of Abrielle's injuries, to litigate this action in Michigan. Ms. Lathan does not argue, however, that she cannot travel to Michigan as Abrielle's legal representative if need be. Moreover, Citizens' offer to conduct any discovery pertaining to Abrielle or her treating physicians in Indiana significantly lessens the inconvenience to the Lathans. [Dkt. 27 at 7.] Therefore, the Court concludes that the first factor weighs slightly in favor of retaining this action in Indiana.

The second factor, the convenience of the witnesses, is a wash. Although the exact issues at play in this litigation are unclear, the parties' briefing references Abrielle's treating physicians (located in Indiana) and the decision makers at Citizens responsible for stopping payment on Abrielle's attendant care (located in Michigan). Because it appears that there are key witnesses located in both states, the Court concludes that this factor does not weigh in favor of one venue over the other.

The third factor, the situs of material events, weighs in favor of transferring this action to Michigan. It is undisputed that Abrielle's accident occurred in Michigan, that she applied for benefits in Michigan under Michigan's statutory insurance plan, and that Citizens was assigned to be Abrielle's insurer through Michigan's statutory insurance plan. Ms. Lathan argues that the injury at issue (not receiving payments to which she believes Abrielle is entitled) occurred in Indiana because the Lathans live here. [Dkt. 22 at 17-18.] There are no allegations, however, that the Lathans' location in Indiana has anything to do with Citizens' decision to stop paying bene-

- 4 -

fits. Indeed, the Complaint confirms that Citizens continued to pay benefits to Abrielle for almost four years after the Lathans moved to Indiana. [Dkt. 1 at 3.] Instead, while it is unclear why Citizens stopped making payments, the Court agrees with Citizens that the situs of material events for that decision, and for this resulting action, occurred in Michigan where Citizens' decision makers are located. Therefore, the Court concludes that the third factor weighs in favor of transferring this action to Michigan.

The final factor, the interests of justice, also weighs in favor of transferring this action to Michigan. This element includes such concerns as ensuring speedy trials and having a judge who is familiar with the applicable law to the case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Statistically speaking, the Lathans may receive a quicker resolution of their case in the Eastern District of Michigan than they would in this District. The Eastern District of Michigan has 20 district court judges. *See* Eastern District of Michigan's Website, *available at* http://www.mied.uscourts.gov/judges/index.cfm?sort=dis. There were 3,528 civil cases filed in that district in 2011 (approximately 176 per district judge), and the median time to trial was 20.1 months. *See* United States Courts Statistics *available at* http://www.uscourts.gov/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf. In contrast, there were 1,829 civil cases filed for five district court judges in this District in 2011 (approximately 366 per district judge), and the median time to trial was 31 months. *Id.* This action has been pending in this District for less than four months and there is no evidence that substantive discovery or court resources have been utilized litigating in this venue.

In addition to possibly receiving a speedier resolution of their case in the Eastern District of Michigan, the parties have made it clear in their briefs that they disagree about material aspects of Michigan's complex No Fault Act, including whether Citizens is entitled to sovereign

immunity, whether Citizens is a proper defendant under the Act, and whether Citizens or a Michigan agency is responsible for making claim decisions under the Act. This highly litigated legislation is unique to Michigan and has resulted in countless court decisions since its inception in 1973. In fact, the Michigan Supreme Court ruled on three cases involving the No Fault Act within the past eight days, each of which has a dissenting opinion. *See Spectrum Health Hosps. v. Farm Bureau Mu. Ins. Co. of Michigan*, --- N.W.2d --- (Mich. July 31, 2012); *Johnson v. Recca*, --- N.W.2d --- (Mich. July 30, 2012); *Douglas v. Allstate Ins. Co.*, --- N.W.2d --- (Mich. July 30, 2012). Therefore, while the Court is confident that it could learn and apply the applicable law to adjudicate this case, it would have a much steeper learning curve than a Michigan judge who is likely already familiar with the legal underpinnings of the applicable law. Therefore, the Court concludes that the interests of justice weigh in favor of transferring this action to Michigan.

Based on its analysis of the four applicable factors, the Court determines that it is appropriate to transfer this case to the Eastern District of Michigan. While the first factor weighs slightly in favor of retaining jurisdiction in Indiana, the second factor is a wash, and the last two factors weigh strongly in favor of transferring this action to Michigan. Overall, based on the determinations made herein from the arguments presented by the parties, the Court concludes that it is appropriate to transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

### III.
#### CONCLUSION

Citizens' motion to dismiss or transfer, [dkt. 12], is **GRANTED IN PART** and **DENIED IN PART**. For the reasons stated herein, the Court determines that it is appropriate to transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). It will not ad-

dress the merits of Citizens' motion to dismiss, so the denial of that portion of Citizens' motion is without prejudice to a merits disposition in Michigan. The Clerk is directed to **TRANSFER** this action to the Eastern District of Michigan. Any previously ordered dates and deadlines are **VACATED** and any pending motions are **DENIED AS MOOT**.

08/07/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Donald C. Brownell
VANDEVEER GARZIA
dbrownell@vgpclaw.com

Curtis T. Jones
BOSE MCKINNEY & EVANS, LLP
cjones@boselaw.com

Nicolas A. Vesprini
VANDEVEER GARZIA P.C.
nvesprini@vgpclaw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com